UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH WASHINGTON,

      Plaintiff,

v.                                         Case No.  5:19-cv-458-TKW/MJF

MARK S. INCH, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. The undersigned concludes that this case should be transferred to the United States District Court for the Southern District of Florida based on venue considerations.[1]

**I.  Background**

Plaintiff Kenneth Washington is an inmate of the Florida Department of Corrections ("FDC") confined at Graceville Correctional Institution in Graceville, Florida. Washington is suing the Secretary of the FDC and three prison officials at

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 4

Dade Correctional Institution in Florida City, Florida: Warden Colon, Sergeant Shelby, and Officer Green. (Doc. 1 at 1-2). Washington claims that Colon, Shelby, and Green failed to protect him from attacks by gang members at Dade CI on May 2, 2019, and June 22, 2019. (*Id.* at 4-5). Washington asserts no allegations against Secretary Inch. As relief, Washington seeks $4 million in damages and "immediate release if Department of Corrections proves it cannot provide proper protection for the plaintiff." (*Id.* at 5).

## II.    Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C.

§ 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. The events giving rise to Washington's claims occurred at Dade CI, which is located in the Southern District of Florida. Defendants Colon, Shelby, and Green reside in Florida City, Florida, which is located in the Southern District. (Doc. 1 at 2-3). For the convenience of the parties and the witnesses, and in the interest of justice, this case should be transferred to the Southern District of Florida.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Southern District of Florida.

2. The clerk of court close this case file.

At Pensacola, Florida, this 14th day of November 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.